**Carlos FRANCO, Appellant,**

v.

**BUREAU OF PRISONS (B.O.P.).**

No. 06–2783.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
Nov. 2, 2006.

Filed: Dec. 7, 2006.

Carlos Franco, Fort Dix, NJ, pro se.

Before: RENDELL, SMITH and
COWEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant, Carlos Franco, appeals from the District Court's dismissal under 28 U.S.C. § 1915(e)(2) of his motion for a writ of mandamus under 28 U.S.C. § 1361 seeking to compel the Bureau of Prisons to transfer him from New Jersey to California.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, reviewing the District Court's mandamus decision for abuse of discretion, except for any non-discretionary elements, which are subject to de novo review. *Stehney v. Perry,* 101 F.3d 925, 929 (3d Cir.1996). We note that "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " *Appalachian States Low–Level Radioactive Waste Com'n v. O'Leary,* 93 F.3d 103, 112 n. 9 (3d Cir.1996) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)).

Here, the District Court was clearly correct in dismissing Franco's petition. Prisoners do not have a constitutionally protected liberty interest under the Due Process Clause in either the place of their confinement or in prison transfers. *See Olim v. Wakinekona,* 461 U.S. 238,

245–48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Equally meritless is Franco's claim that the Bureau of Prisons transfer policy violates the Equal Protection Clause. The "nearer to release" transfer guidelines that he challenges do not result in aliens as a group being treated differently from other persons. Rather, as the District Court explained, the policy distinguishes between prisoners subject to INS Detainers or other custodial considerations and those who are not. *Cf. McLean v. Crabtree,* 173 F.3d 1176, 1185–86 (9th Cir. 1999). The District Court properly applied rational basis review and rejected Franco's Equal Protection challenge.

Because this appeal lacks arguable merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).